May 11, 1944

No. 6008.——*Nicholas Gal et al.* v. *United States.* Entered at New York, N. Y. Reap. Dec. 5995. Motion by plaintiff.

United States *v.* George Borgfeldt Corp.

No. 6009.—Invoice dated Shanghai, China, April 21, 1941.
Certified April 23, 1941.
Entered at New York, N. Y., June 11, 1941.
Entry No. 767519.

(Decided May 15, 1944)

*Paul P. Rao,* Assistant Attorney General (*Daniel I. Auster,* special attorney), for the plaintiff.
*Fred Bennett* (*Otto Fix* of counsel) for the defendant.

WALKER, Judge: In this case appeal was taken by the collector of customs from findings of value made by the United States appraiser at the port of New York on certain wooden chessmen imported from China in June 1941.

There are three items involved, namely, Nos. 200, 201, and 202, the first being invoiced, entered, and appraised at 43.32 Shanghai dollars, the second at 57 Shanghai dollars, and the third at 91.20 Shanghai dollars.

On the trial of the issue plaintiff called to the stand Joseph J. Smith, an examiner in the office of the United States appraiser at the port of New York, who passed the merchandise here involved. He testified that subsequent to his examination and report he received information through the Customs Information Exchange that the same importer had received shipments through the port of Seattle at higher prices.

On the question as to whether the merchandise imported at Seattle was such as or similar to that here involved, it appears that a sample of the merchandise imported at Seattle was forwarded to the examiner, who found "it was the same merchandise" and returned the sample to Seattle. However, there were other item numbers of chessmen besides those here involved referred to in the Customs Information Exchange report, and the examiner was unable to say which item number the sample he examined represented.

I am satisfied that whatever the weight to which the evidence of other importations might have been entitled, they were not properly connected up with the importation at bar, and find that the plaintiff has failed to sustain its burden of proving a value for the merchandise in issue other than the appraised value, which was presumptively correct. I therefore find that the values returned by the appraiser were correct, and judgment will issue accordingly.